UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAD R. HANSEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | NO:  CV-13-5048-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 15 and 17.  This matter was submitted for consideration without oral argument.  Plaintiff was represented by Thomas A. Bothwell. Defendant was represented by Jeffrey R. McClain.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

**JURISDICTION**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 1

Plaintiff Shad R. Hansen protectively filed for supplemental security income ("SSI") on February 9, 2010. Tr. 109-115. Plaintiff initially alleged an onset date of September 1, 2000 (Tr. 109), but the date was amended *sua sponte* to January 30, 2010 following the denial of a previous application for benefits filed on March 27, 2007 and denied on January 29, 2010. Tr. 11. Benefits in this application were denied initially and upon reconsideration. Tr. 60-63, 67-69. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Marie Palachuk on November 21, 2011. Tr. 24-52. Plaintiff was represented by counsel but did not testify at the hearing. Plaintiff's presence at the hearing was waived by his attorney. Tr. 26, 51. Medical expert Dr. Donna Veraldi and vocational expert Daniel McKinney testified. Tr. 28-51. The ALJ denied benefits (Tr. 8-22) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 35 years old at the time of the hearing. Tr. 121. He completed his GED in 2001. Tr. 126. Plaintiff has been employed as a sales clerk, a delivery driver, and a waiter. Tr. 40-41, 132. Most recently, he was employed by Labor

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

1  Ready as a laborer. Tr. 41, 132. Plaintiff alleges he is disabled due to depression,

2  attention deficit hyperactivity disorder ("ADHD"), dyslexia, agoraphobia and

3  anxiety. Tr. 60.

4                              **STANDARD OF REVIEW**

5         A district court's review of a final decision of the Commissioner of Social

6  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

7  limited: the Commissioner's decision will be disturbed "only if it is not supported

8  by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

9  1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

10  relevant evidence that "a reasonable mind might accept as adequate to support a

11  conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

12  substantial evidence equates to "more than a mere scintilla[,] but less than a

13  preponderance." *Id.* (quotation and citation omitted). In determining whether this

14  standard has been satisfied, a reviewing court must consider the entire record as a

15  whole rather than searching for supporting evidence in isolation. *Id.*

16         In reviewing a denial of benefits, a district court may not substitute its

17  judgment for that of the Commissioner. If the evidence in the record "is susceptible

18  to more than one rational interpretation, [the court] must uphold the ALJ's findings

19  if they are supported by inferences reasonably drawn from the record." *Molina v.*

20  *Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  3

1    reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

2    error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

3    determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

4    the ALJ's decision generally bears the burden of establishing that it was harmed.

5    *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

7          A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act. First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17         The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

20   considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  4

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 6

1    The claimant bears the burden of proof at steps one through four above.

2  *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

3  the analysis proceeds to step five, the burden shifts to the Commissioner to

4  establish that (1) the claimant is capable of performing other work; and (2) such

5  work "exists in significant numbers in the national economy." 20 C.F.R. § §

6  404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

7                                    ALJ'S FINDINGS

8        At step one, the ALJ found Plaintiff has not engaged in substantial gainful

9  activity since February 9, 2010, the application date. Tr. 13. At step two, the ALJ

10  found Plaintiff has the following severe impairments: attention deficit

11  hyperactivity disorder ("ADHD"); general anxiety disorder; antisocial personality

12  disorder; and history of alcohol abuse. Tr. 13. At step three, the ALJ found that

13  Plaintiff does not have an impairment or combination of impairments that meets or

14  medically equals the severity of one of the listed impairments in 20 C.F.R. Part

15  404, Subpt. P, App'x 1. Tr. 14. The ALJ then determined that Plaintiff had the

16  RFC

17        to perform a full range of work at all exertional levels but with the following
18        nonexertional limitations: the claimant is able to understand, remember, and
        carryout simple, routine, repetitive instructions/tasks; the claimant can have
19        not contact with the general public and only occasional superficial contact
        with coworkers/supervisors; the claimant is able to maintain concentration,
        persistence, and pace on simple, routine, repetitive tasks for the two hour
20        intervals generally required between regularly scheduled breaks; and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 7

because of the sexual offender history, the claimant can have no unsupervised contact with vulnerable adults or minor children.

Tr. 15. At step four, the ALJ found Plaintiff is capable of performing past relevant work as: laborer, stores (DOT 922.687-058) medium, unskilled, SVP 2; and day laborer, construction worker II (DOT 869.687-026) very heavy, unskilled, SVP 2. Tr. 18. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since February 9, 2010, the date the application was filed. Tr. 19.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ improperly rejected the opinions of the claimant's examining medical providers; and (2) the ALJ failed to conduct a proper step four assessment. ECF No. 15 at 11-18. Defendant argues: (1) the ALJ reasonably weighed the medical opinion evidence; and (2) Plaintiff did not carry his burden to show he was incapable of performing his past relevant work. ECF No. 17 at 3-14.

## DISCUSSION

**A. Medical Opinion Evidence**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  8

1   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

2   *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

3   Generally, a treating physician's opinion carries more weight than an examining

4   physician's, and an examining physician's opinion carries more weight than a

5   reviewing physician's.  *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th

6   Cir.2001)(citations omitted). If a treating or examining physician's opinion is

7   uncontradicted, the ALJ may reject it only by offering "clear and convincing

8   reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

9   1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

10  opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

11  providing specific and legitimate reasons that are supported by substantial

12  evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

13  Plaintiff argues that the ALJ erred by rejecting the opinions of Plaintiff's

14  examining medical providers without providing adequate reasons. ECF No. 15 at

15  11-15.

16          The ALJ gave little weight to the opinions of Jan M. Kouzes, Ed.D., Hector

17  DeLeon, MSW, Roberto Valdez, Ph.D., Tony Larsen, DMHP, and Tae-Im Moon,

18  Ph.D. Tr. 17-18.  Plaintiff initially argues that the ALJ improperly "lumped" these

19  opinions together which was "error as it is impossible for a reviewing court to

20  conduct a meaningful review as [sic] the reason for rejecting each of the opinions."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 9

1   ECF No. 15 at 12. However, Plaintiff fails to cite any legal support for this

2   argument. It is well-settled that the court does not require a special "incantation"

3   by the ALJ when rejecting medical opinions. *Magallanes v. Bowen*, 881 F.2d 747,

4   755 (9th Cir. 1989). Rather, the reviewing court may draw specific and legitimate

5   inferences from the ALJ's summary of the evidence, interpretation and findings, as

6   long as they are supported by substantial evidence in the record. *See id.*; *see also*

7   *Molina*, 674 F.3d at 1114 ("We have not … required the ALJ to discuss every [lay]

8   witness's testimony on an individualized, witness-by-witness basis."); *Bunnell v.*

9   *Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (findings "must be sufficiently specific

10  to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony

11  on permissible grounds and did not 'arbitrarily discredit a claimant's testimony.'").

12  The ALJ specifically named each of the medical providers at issue and gave

13  discernable reasons for rejecting those opinions which allows the court to conduct

14  a meaningful review in this case.

15          Plaintiff additionally argues, without citing to applicable legal support, that

16  the ALJ erred by rejecting "all of the examining medical opinions in favor of the

17  opinion of Dr. Veraldi, the medical expert at the hearing." ECF No. 15 at 15. This

18  argument is unavailing. The opinion of a nonexamining physician cannot *by itself*

19  constitute substantial evidence that justifies the rejection of the opinion of either an

20  examining or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  10

1995)(emphasis added). However, when the treating physician's opinion is contradicted by medical evidence, the opinion may still be rejected if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). In October 2010 Dr. Sean Mee opined that Plaintiff could understand and follow short, simple instructions; maintain concentration and pace for routine tasks, and work with others on a superficial basis. Tr. 222-224. During the relevant adjudicatory period Plaintiff reported good energy and motivation, and denied pain or discomfort. Tr. 264. He was taken off medication and reported he did not feel depressed, "his mood has been good," and he was sleeping well. Tr. 282. As discussed below, the ALJ also offered additional reasons for rejecting the examining medical provider's opinions supported by substantial evidence in the record.

Initially, the ALJ gave little weight to the medical opinions offered prior to the amended onset date. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (upholding ALJ's rejection of evidence because it was prior to the relevant time period). Thus, the ALJ did not err in granting little weight to the June 2005 and July 2008 opinion of Dr. Jan M. Kouzes (Tr. 162-167, 232-235); the June 2009 opinion of Hector DeLeon, MSW (Tr. 168-173); the 2004 opinion of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

1    Roberto Valdez, Ph.D. (Tr. 226-231); and the 2007 opinion of Tony Larsen,

2    DMHP (Tr. 236-240). Moreover, any error would be harmless because the ALJ

3    provided specific and legitimate reasons for rejecting the opinions of Plaintiff's

4    examining providers. *See Carmickle*, 533 F.3d at 1162-63.

5         The two medical opinions from the relevant adjudicatory period, granted

6    little weight by the ALJ, were the 2010 opinion of Dr. Kouzes (Tr. 188-194) and

7    the 2011 opinion of Dr. Tae-Im Moon (Tr. 241-245). Dr. Kouzes assessed marked

8    limitations in Plaintiff's ability to exercise judgment and make decisions, his

9    ability to interact appropriately in public contacts, and his ability to maintain

10   appropriate behavior in a work setting; and opined moderate limitations in

11   Plaintiff's ability to learn new tasks, relate appropriately to co-workers and

12   supervisors, and respond appropriately to and tolerate the pressures and

13   expectations of a normal work setting. Tr. 191. Dr. Moon found marked limitations

14   in Plaintiff's ability to understand, remember, and persist in tasks by following

15   complex instructions of three or more steps; learn new tasks; be aware of normal

16   hazards and take appropriate precautions; communicate and perform effectively in

17   a work setting with public contact; and maintain appropriate behavior in a work

18   setting. Tr. 243.

19        First, the ALJ found that all of the DSHS evaluation forms were "completed

20   largely based on the claimant's self-reported symptoms and complaints, and the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  12

[ALJ did] not find claimant entirely credible." Tr. 17. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[a]n ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."). As an initial matter, it is notable that Plaintiff fails to assign error to the ALJ's adverse credibility finding in this case. *See Carmickle*, 533 F.3d at 1161 n.2 (the court need not address argument not argued with specificity in Plaintiff's brief). The ALJ's credibility findings in this case are specific, clear and convincing, and unchallenged. Tr. 16-17. The ALJ properly noted Plaintiff's criminal history, failure to appear for the hearing, lack of objective medical evidence, and failure to pursue treatment. Tr. 16-17. These are proper reasons supported by substantial evidence. Plaintiff only argues that this reason is not valid because the opinions were based on "testing as well as personal observations of medical professionals." ECF No. 15 at 12. In support of this argument Plaintiff refers to testing performed by Dr. Valdez in 2004, findings of Mr. DeLeon in 2009 (Tr. 170), and observations of Plaintiff's behavior by medical professionals during counseling sessions in 2011. ECF No. 15 at 12; ECF No. 18 at 3 (citing Tr. 255, 263, 275, 278). However, general support for Plaintiff's claims drawn from the longitudinal record is irrelevant to an analysis of the ALJ's finding that the *specific* evaluation forms completed by Dr. Kouzes and Dr. Moon appeared to be based largely on claimant's self-reported symptoms.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 13

1    Moreover, while Plaintiff cites to evidence in the record that *is* consistent

2    with the doctors' opinions, he has not shown that the ALJ's inferences from the

3    record were unreasonable or do not amount to substantial evidence. *See*

4    *Tommasetti*, 533 F.3d at 1038 ("The court will uphold the ALJ's conclusion when

5    the evidence is susceptible to more than one rational interpretation."). A review of

6    the record indicates that Dr. Kouzes reviewed no records before assessing the

7    Plaintiff, and indicated no observation of depression, anxiety, anger, social

8    withdrawal, or physical complaints. Tr. 188-189. With the exception of a single

9    sentence in the medical source statement that Plaintiff "evidences the restless,

10   edge, irritable anxious behavior suggested by his diagnosis of ADHD and GAD;"

11   almost every explanatory portion of Dr. Kouzes' evaluation is completed with

12   quoted responses from the Plaintiff. Tr. 188-194.  The mental status exam

13   worksheet includes only verbatim comments from the Plaintiff, and checked boxes,

14   with no further comment or explanation from Dr. Kouzes. Tr. 193-194.

15       Dr. Moon only reviewed Dr. Kouzes' report, which, as indicated above, did

16   not review any previous medical records. Tr. 188, 241. Dr. Moon did observe

17   symptoms of anxiety, but did not indicate that he observed symptoms of

18   depression, ADHD, anger, or physical problems. Tr. 242. A close reading of Dr.

19   Moon's evaluation indicates that Plaintiff was administered some type of mental

20   status exam, as evidenced by the observation comments in the functional

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  14

1    limitations section. Tr. 243. However, Dr. Moon provides no explanation of the

2    type of testing administered or the overall results. In fact, Dr. Moon opined that

3    "[i]t is possible that [Plaintiff] may be able to work consistently in a sheltered work

4    situation if he has consistent mental health care." Tr. 244. For all of these reasons,

5    Dr. Kouzes' and Dr. Moon's reliance on Plaintiff's self-reported symptoms and

6    complaints, which were properly found not credible, was a specific and legitimate

7    reason for the ALJ to reject their opinions.

8           Second, the ALJ found that "the forms were completed merely by checking

9    boxes with few objective findings." Tr. 18. An ALJ may "permissibly reject [ ] …

10   check-off reports that [do] not contain any explanation of the bases of their

11   conclusions." *Molina*, 674 F.3d at 1111-12 (citing *Crane v. Shalala*, 76 F.3d 251,

12   253 (9th Cir. 1996)). Further, "an ALJ need not accept the opinion of a doctor if

13   that opinion is brief, conclusory, and inadequately supported by clinical findings."

14   *Thomas*, 278 F.3d at 957; *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

15   Cir. 2001) (ALJ may reject a physician's opinion that is unsupported by the record

16   as a whole, or by objective medical findings). Plaintiff generally argues, without

17   legal support or citation to the record, that "there is supporting narrative given to

18   provide objective support for the opinions." ECF No. 15 at 13. In his reply brief,

19   Plaintiff again fails to point specifically to any narrative from Dr. Kouzes, but

20   nonetheless asserts it was "extremely valuable in assessing limitations." ECF No.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 15

18 at 4. The court can only assume that Plaintiff is referring to a brief notation in

Dr. Kouzes' evaluation observing Plaintiff's behavior was "restless, edgy, irritable

[sic] anxious." Tr. 191. As noted above, this was one of the few portions of Dr.

Kouzes' report that was not a verbatim recital of Plaintiff's responses to questions.

In fact, a review of these records indicates that the conclusions of the mental status

examinations performed by Dr. Kouzes (Tr. 193-194) and Dr. Moon (Tr. 243)

provided little to no narrative explanation of the results of these exams and how

they pertain to Plaintiff's assessed functional limitations. This was a specific and

legitimate reason to reject the examining providers' opinions.

      As a final matter, the court agrees with Plaintiff that several of the reasons

given by the ALJ for rejecting the examining providers' opinions are not specific

and legitimate. First, the ALJ found that "the evaluations were conducted for the

purpose of determining the claimant's eligibility for state assistance … therefore

there was an incentive to overstate symptoms and complaints." Tr. 17. It is well-

settled in the Ninth Circuit that the purpose for which a report is obtained does not

provide a legitimate basis for rejecting it. *See Lester*, 81 F.3d at 832.  Also, the

ALJ identifies no objective evidence of any exaggeration of symptoms by Plaintiff

or impropriety by the examining medical providers. Thus, the ALJ erred in

considering the purpose for which the DSHS evaluations were obtained. Next, the

ALJ found that DSHS "uses different regulations than this agency to assess an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 16

applicant's ability to work." Tr. 17-18. The regulations are clear that the

Commissioner is "responsible for making the determination or decision about

whether you met the statutory definition of disability …. A statement by a medical

source that you are 'disabled' or 'unable to work' does not mean that we will

determine that you are disabled." 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also*

§§ 404.1527(e)(3), 416.927(e)(3)("[w]e will not give any special significance to

the source of an opinion on issues reserved to the Commissioner."). Thus, while

would not be legal error for the ALJ to disregard opinions specifically as to

Plaintiff's capacity to maintain employment; this is not a specific and legitimate

reason to reject the examining providers' *medical opinions* regarding Plaintiff's

functional limitations.

Finally, the ALJ generally gave little weight to "the opinions from non-

acceptable medical sources." Tr. 18. The opinion of an "acceptable medical

source" is given more weight than that of an "other source." SSR 06-03p, 2006

WL 2329939 at *2; 20 C.F.R. § 416.927(a). The ALJ need only provide "germane

reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111.

However, the ALJ is required to "consider observations by nonmedical sources as

to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812

F.2d 1226, 1232 (9th Cir. 1987). Thus, it was error to reason that an opinion was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 17

1  entitled to little weight solely because it was not from an acceptable source,

2  without providing the requisite germane reasons.

3       However, despite the ALJ's flawed reasoning, these errors are harmless

4  because, as discussed above, the ALJ articulated additional specific and legitimate

5  reasons for rejecting Dr. Arnold's opinion that were supported by substantial

6  evidence. *See Carmickle*, 533 F.3d at 1162-63.

7  **B. Step Four**

8       Pursuant to SSA regulations, "[a]t the fourth step, we consider our

9  assessment of your residual functional capacity and your past relevant work. If you

10  can still do your past relevant work, we will find that you are not disabled." 20

11  C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a) (4)(iv). Claimants have the burden at step

12  four to show they are unable to return to their past relevant work. *Pinto v.*

13  *Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ must make

14  specific factual findings to support the conclusion that Plaintiff can perform past

15  relevant work. *Pinto*, 249 F.3d at 845; *see also* SSR 82-62 (1982) at *4, *available*

16  *at* 1982 WL 31386. Plaintiff generally contends that "the ALJ failed to make the

17  requisite findings at each phase of step four." ECF No. 15 at 16-18.

18       Initially, Plaintiff argues the ALJ erred at step four because "the claimant's

19  work history, combined with his earnings report, indicates that none of the

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

claimant's past jobs were performed at [substantial gainful activity] levels and, therefore, none of them constituted [past relevant work]." ECF No. 15 at 17. Past relevant work is work that was "done within the last 15 years, lasted long enough for you to learn how to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). Substantial gainful activity ("SGA") is work activity that "involves doing significant physical or mental activities" on a full- or part-time basis, and "is the kind of work usually done for pay or profit." §§ 404.1572, 416.972. Generally, if a claimant works for substantial earnings as described in the regulations, it is presumed that claimant engaged in SGA. §§ 404.1574(a)-(b), 416.974(a)-(b). However, if average monthly earnings are less than the amount described in the regulations, it is presumed that a claimant has not engaged in SGA. §§ 404.1574(b)(3), 416.974(b)(3).

In this case, the ALJ summarily found that Plaintiff performed his past work as a "day laborer, stores" and "day laborer, constructor worker II" within the last fifteen years, did it long enough to learn it, "and the work constituted substantial and gainful activity." Tr. 18. In determining that this work was performed at SGA levels the ALJ relied on the vocational expert's ("VE") testimony that

> it does look like at certain times in 2005 and 2008 [Plaintiff] may have done those [Labor Ready positions] for a month or two at SGA wages. Since he didn't give you specifics, we don't know how long he was actually working at any of those jobs, but there's $1,600 in 2005, so he was working for a month or two. He would have been at SGA. And there's $3,300 in 2008, so if he had been working for two or three months he would have been SGA.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

So I'll go ahead and accept the Labor Ready positions as meeting SGA based on the very limited information that we have with regards to his earnings.

Tr. 43. Plaintiff reported working 4 hours a day, 3 days a week, at $9.00 per hour, at the Labor Ready position over the span of two years. Tr. 135. As correctly noted by the VE, Plaintiff's earnings query reflects yearly earnings of $1,609.82 in 2005 and $3,368.47 in 2008. Tr. 118. However, based on this information, it is entirely unclear how the VE concluded that Plaintiff worked only a few months in each year he declared earnings at Labor Ready and therefore met the standard for SGA. Even assuming Plaintiff worked the 4 hours per day 3 days per week, at $9.00 per hour, as declared in his work history report, he would still have earned a maximum of approximately $432 per month.  This is far less than the presumptive substantial gainful activity amount established by SSA regulations of $830 per month in 2005, and $940 per month in 2008. *See* 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3); www.socialsecurity.gov/OACT/COLA/sga (outlining monthly substantial gainful amounts for each year). Moreover, the VE acknowledged in testimony that Plaintiff's work history report did not contain "specifics" so "we don't know how long he was actually working at any of those jobs." Aside from this speculative testimony by the VE, the record confirms that Plaintiff's monthly earnings are presumptively *not* performed at SGA levels. *See id*. "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 20

1  meaningful judicial review. When … the ALJ makes findings only about the

2  claimant's limitations, and the remainder of the step four assessment takes place in

3  the [vocational expert's] head, we are left with nothing to review." *Pinto*, 249 F.3d

4  at 847.

5      Defendant emphasizes that Plaintiff's previous work was less than fifteen

6  years ago, was long enough for him to learn the job, and concludes without further

7  argument or legal citation that Plaintiff's "notable earnings" in 2005 and 2008

8  "was enough to establish substantial gainful activity even if Plaintiff did not meet

9  the presumptive earnings requirement." ECF No. 17 at 10-11. However, to

10  overcome the presumption here that Plaintiff's earnings were not at SGA levels,

11  the burden shifts to the ALJ to make findings supported by substantial evidence

12  that Plaintiff engaged in SGA despite the low earnings. *Lewis v. Apfel*, 236 F.3d

13  503, 515 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1574(b)(3)(ii) (outlining when

14  the ALJ may consider other information in addition to earnings to determine

15  whether Plaintiff engaged in substantial gainful activity despite falling below the

16  presumptive gainful activity level). Here, the ALJ did not make any explicit

17  findings that Plaintiff's previous work as a laborer constituted SGA despite

18  earnings that fell below the presumptive substantial gainful activity level.

19      Finally, the VE repeatedly referred to having "very limited information"

20  regarding Plaintiff's earnings and "shooting a little bit from the hip" because the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

work history form did not include detailed descriptions. Tr. 40-43. Also, as acknowledged by the ALJ, the Plaintiff did not appear at the hearing and was unable to provide detail as to the length of time he worked in these positions or a description of how his past jobs were performed. Tr. 19. For all of these reasons, and after an exhaustive review of the record, the court finds the ALJ erred in finding that Plaintiff's previous work of "laborer, stores" and "day laborer, constructor worker II" was substantial gainful activity.

On remand, the ALJ must reconsider the entire step four finding, including specific findings as to whether Plaintiff's previous work was substantial gainful employment pursuant to applicable regulations and SSA policy. As this is a threshold issue, it is unnecessary at this time for the court to consider Plaintiff's additional challenges to the ALJ's step four finding.

## CONCLUSION

The ALJ's decision was not supported by substantial evidence and free of legal error. Remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.,* 923 F.Supp. 1273, 1276 n. 2 (C.D.Cal.1996) (citations omitted). On remand, the ALJ is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  22

expressly not required to reconsider findings regarding the properly rejected medical opinion evidence, as discussed above. The ALJ is only required to reconsider the findings at step four, including the determination of whether Plaintiff's previous work was at SGA levels. The ALJ should either obtain further information from Plaintiff regarding his past work or explain the implicit finding that Plaintiff's past work as a laborer constituted SGA. If necessary, the ALJ may take additional testimony from a VE, and make subsequent findings at step five.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

    **DATED** this 7th day of August, 2014.

                    _____s /Fred Van Sickle_____
                                Fred Van Sickle
                       Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23